IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TREVOR SMITH                                                                PLAINTIFF

v.                                            Case No. 1:23-cv-1065

LEROY MARTIN, Sheriff,
Columbia County Detention Center                                           DEFENDANT

## ORDER

Before the Court is Plaintiff's failure to comply with orders of the Court.  Plaintiff Trevor

Smith filed this *pro se* civil rights matter pursuant to 42 U.S.C. § 1983 on June 21, 2023.  ECF No.

1.  This matter was originally filed in the Eastern District of Arkansas.  On June 26, 2023, United

States Magistrate Judge Joe J. Volpe of the Eastern District of Arkansas ordered that venue be

transferred to this District pursuant to 28 U.S.C. § 1406(a).  ECF No. 4.  On July 6, 2023, United

States Magistrate Judge Barry Bryant ordered Plaintiff to submit a complete *in forma pauperis*

(IFP) application or pay the full filing fee of $402.00.  ECF No. 7.  Judge Bryant also ordered

Plaintiff to submit an amended complaint by July 27, 2023, and warned Plaintiff that failure to

comply would subject this matter to dismissal.  *Id.*

That Order was not returned as undeliverable.  ECF No. 8.  When Plaintiff failed to comply

with the Court's order by July 27, 2023, the Court issued an order to show cause why this matter

should not be dismissed.  ECF No. 9.  The deadline to respond to the Court's show cause order

was August 25, 2023.  *Id.*  This Order was not returned as undeliverable.  The court-imposed

deadline to respond to the Court's show cause order has now passed and Plaintiff has failed to

respond or communicate with this Court in any way.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).  Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court orders.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 5th day of September 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

2